OPINION AND ORDER
JENNY LEE KRONK, Associate Judge.

Procedural History

Plaintiff Fred R. Harrington Jr. filed a Complaint and Request for Injunctive Relief in this matter on January 28, 2011, alleging that the Little Traverse Bay Bands of Odawa Indians (LTBB) Tribal Council passed the WOS 2010-021 Gaming Delegation and Authority Statute, a statute it had no constitutional authority to pass, and that the Tribal Chairman signed the statute into law.
On February 25, 2011, Attorney for the Defendants filed an Appearance, Answer and Affirmative Defense, Motion to Dismiss Under LTBBRCP XVT, Brief in Support of Motion to Dismiss, Notice of Motion Hearing, and Certificate of Service.
At the request of the Defendants,[1] the Court heard oral arguments at a motion hearing in this matter on March 18, 2011. Although the Plaintiff had failed to file an opposing memorandum in response to the motion to dismiss as required by LTBBRCP XIII § 4(b)(2)(ii)(aa), he requested that the case be left open for him to submit a written memorandum which was agreed to by the Defendants’ attorney. Subsequently, the Plaintiff submitted his memorandum on April 8, 2011, and the Defendants submitted their memorandum *305 in reply on April 18, 2011.[2]

Defendants’ Arguments

Sovereign Immunity

Defendants request a dismissal of this action saying that they enjoy sovereign immunity as elected officials of the Tribe. Further, the Defendants argue that the complaint cites no express waiver by Tribal Council of the sovereign immunity of the Tribe or its entities and officials that would subject them to suit. Consistent with long-standing law,[3] conclude the Defendants, the Tribe and its subordinate entities are immune from suit except to the extent the Tribal Council expressly and unequivocally waives sovereign immunity, and officials acting within the scope of their authority are likewise immune from suit.[4] The complaint, the Defendants opine, challenges a core governmental action, the enactment of legislation which is squarely within their powers.
The Defendants aver that they acted within the scope of their authority, specifically, the authority of Tribal Council to enact legislation and the executive authority to sign or veto legislation. The Plaintiff, Defendants allege, seeks to avoid sovereign immunity by focusing on implementation of the statute, rather than its enactment. Defendants point out that in Carey v. Victories, et al., A-004-0606, the LTBB Appellate Court indicated an action under the LTBB CONST. art. XVIII, § B, alleging officials acted outside the scope of their authority, may be viable where individual constitutional or statutory rights have allegedly been violated. In conclusion, Defendants maintain that the statute which is the subject of this complaint in no way implicates individual rights; therefore, these individual, elected officials cannot have acted outside the scope of their duties and authority by carrying out the terms of a duly enacted statute that has no impact on individual rights.

Standing

Further the Defendants argue that the Plaintiff lacks standing to bring this action. The Plaintiffs complaint alleges no injury, the Defendants say, or any particularized interest in the subject matter, but only references Article XVIII as granting him standing to sue. However, the Defendants maintain that Article XVIII has nothing to do with standing. Although the Plaintiff opines that the Councilors and Chairman acted beyond the scope of their duties and authority, Defendants counter that this is not a valid assertion.
Defendants argue that there is nothing that allows this “private citizen watchdog type action” but, rather, the Tribal citizenship reserved this authority to itself in the constitution when acting collectively under the initiative process[5] or in hiring an attorney to challenge any allegedly illegal action.[6] Finally, Defendants point out that the Plaintiff did not take advantage of his rights under the Legislative Procedures *306 Statute,[7] which allows citizens to propose legislation and to comment on statutes pri- or to passage through the notice and comment provisions.
The Defendants argue that in Little Traverse Bay Bands of Odawa Indians, Petitioner, File No. AO-001-0803, two of the judges found that “the term ‘case’ is generally accepted to mean a controversy between adverse parties that is capable of resolution by a conclusive decree that touches the rights of the parties”[8] and all of the judges agreed that there can be no adversarial case unless a plaintiff has standing.[9] Further, the Defendants point out, the LTBB Appellate Court Rule 7.303 requires standing:
“Requests for advisory opinions will only be accepted by a unanimous decision of the Judiciary Judges of the Tribal Court. The request may not involve a case in controversy. The request must meet the Court’s jurisdictional standards, including standing, ripeness, mootness, and injury in fact (Emphasis added).
Therefore, Defendants conclude, Plaintiff standing is an essential prerequisite to the Tribal Court’s exercise of jurisdiction.
The Defendants also cite Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) in which the court stated “standing is an essential and unchanging part of the case- or-controversy requirement of Article III.” Further, Defendants quote Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 185, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000), where the U.S. Supreme Court said:
Standing to sue is part of the common understanding of what it takes to make a justiciable case.... This triad injury in fact, causation, and redressability, constitutes the core of Article Ill’s case or controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence. Steel Company v. Citizens for a Better Environment, 523 U.S. 83, 102, 103 [118 S.Ct. 1003, 140 L.Ed.2d 210 (1997)].”
Defendants point out that standing requires that the Plaintiff must (1) have an “injury in fact” with a (2) “casual connection” between the injury and conduct complained of, and that (3) the injury can be “redressed by a favorable decision.” Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). To prove an injury-in-fact the Plaintiff must show “an invasion of a legally-protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.” Id. at 561, 112 S.Ct. 2130. Plaintiff, say the Defendants, has alleged no injury as a result of the passage of the Gaming Delegation and Authority Statute. The Plaintiff merely cites Article XVTII B of the Constitution, but this article, argues the Defendants, does not address standing but involves situations where officials or employees of the Tribe are not protected by sovereign immunity.
To ignore the standing requirement of bringing a case, argue the Defendants, would be a violation of the separation of powers of the Tribal Constitution. Standing is required to bring a case according to the LTBB CONST, art. IX § C, the Defendants say, which provides that “[t]he judicial power of the Tribal Court shall extend to all civil and criminal cases.” Without standing, there is no justiciable case. To require the Court to determine *307 the constitutionality of a law prior to there being an actual case is an unlawful intrusion of the judicial branch into the legislative process as set out in the Tribal constitution,[10] which allows the Tribal Council to make laws and send them to the executive for signature or veto. This section of the constitution, the Defendants argue, does not allow the Tribal Court to veto the legislation upon the petition of any Tribal citizen. In conclusion, the Defendants say that vesting the power to challenge the constitutionality of a legislative enactment in a single, unelected individual citizen is not consistent with any tradition, custom or the will of the people as set forth in the Tribal Constitution.
Moreover, Defendants propose that the constitutional remedy for a concerned Tribal citizen is to follow the initiative procedures in the LTBB CONST. art. XIV, § A, cl. 1:
“Initiative is the power of the Tribal members to propose laws and to enact or reject them in an election.”
Or, in the alternative, the Defendants conclude, the Tribal citizenship could vote at its annual meeting to hire an attorney pursuant to the LTBB CONST, art. I, § G, for the Tribal membership as a whole to challenge the alleged unconstitutional action in Tribal Court. Finally, Defendants point out that Plaintiff did not avail himself of his right to object and submit his concerns during the notice and comment portion of the legislative process.

Plaintiffs Counter-Argument

Sovereign Immunity

The Plaintiff did not offer any arguments to the Defendants’ arguments that they are protected by sovereign immunity. Standing
Quoting from the Laidlaw[11] case cited by the Defendants, the Plaintiff agrees with the Defendants that federal law requires a plaintiff to have standing in order to bring suit and that a plaintiff must show “an injury in fact.” The Plaintiff further says that in Bennett v. Spear, 520 U.S. 154, 162, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997), the court recognized that “a plaintiffs grievance must arguably fall within the zone of interests protected or regulated by statutory provision or constitutional guarantee involved in the suit,” The Plaintiff points out that this standing concept is consistent with the philosophy found in the United States constitution which is based upon individual rights, whereas the LTBB Constitution is rooted in a philosophical belief in collective rights. The Plaintiff argues that:
“In our Wa-wa-na way of life, we do not break our lives into pieces, with one piece for spiritual things, another pierce for business, another for education and another for recreation. They are all intermingled in our daily life, for all things are connected.... if a person is violating the laws or norms of the community all have an interest in ensuring that balance is restored.”
The Plaintiff maintains that the concept of standing is counter to the idea of collective rights that the individual himself must suffer harm before he has a right to stop someone from violating the rules and norms of the community. Finally, the Plaintiff concludes that if he is required to have standing, no one would have the right to challenge such an action which would effectively render the Tribal Constitution meaningless.
*308 In addition, the Plaintiff opines that in James T. Deckrow v. The Little Traverse Bay Bands of Odawa Indians, File No. 98-A-001-0998, the LTBB Tribal Court established the right of the people to bring cases to Tribal court to redress grievances regardless of standing.
Finally, the Plaintiff further argues that the Tribal Council is violating the separation of powers by executing and administering laws which is a function of the executive. The Plaintiff also opines that there are no defenses for violating the constitution, therefore, the Court must determine the constitutionality of the statute before considering the Defendants’ motion to dismiss.

Conclusions of Law

Even if the Plaintiff could get past the Defendants’ argument of sovereignty immunity which the Plaintiff has not briefed, the Court agrees with the Defendants, and the Plaintiff appears to concur, that he does not have standing to bring this case because he has not suffered an injury in fact as required by federal law. However, the Plaintiff believes that he does not need standing because the Odawa way does not require him to have standing, because federal law is not binding in the LTBB Tribal Court.
The Plaintiff contends that the standing requirement is a federal concept not found in the Odawa court system. Although the LTBB Tribal Court has no rules or case law directly on point, the Little Traverse Bay Bands of Odawa Indians Rules of Civil Procedure (LTBBRCP) do reference the role of federal rules in its Tribal Court:
“Any practice or procedure not addressed in these Rules shall be conducted in conformance with the applicable Federal Rules of Civil Procedure unless to do so would produce an unfair or unjust result. The citation of the Federal Rules of Civil Procedure herein shall not be deemed an action deferring to federal jurisdiction of any matter where such jurisdiction does not exist.”
LTBBRCP, Rule 1 § 2(b). See, also, the LTBB Appellate Procedures § 7.302 Advisory Opinions:
(A) Limited Acceptance. Requests for Advisory Opinions will only be accepted by a unanimous decision of the Judiciary Judges of the Tribal Court. The request may not involve a case in controversy. The request must meet the Court’s jurisdictional standards, including standing, ripeness, mootness, and injury in fact. (Emphasis added).
The federal standing rules are not found in the Federal Rules of Civil Procedure but have been established through the federal case law which both the Plaintiff and Defendants have referenced and the Tribal Court has historically used in making its decisions. Likewise, the LTBB Judiciary has decided a case in which it upheld the standing requirement of bringing cases before the LTBB Tribal Court:
“If the Tribal Council or an interested person with standing wished to challenge the Tribal Council’s action at this stage, the Tribal Council or interested person could identify a cause of action and bring an actual case before the court to request declaratory or other appropriate relief.” (Emphasis added).
See, Little Traverse Bay Bands of Odawa Indians, Petitioner, and File No. AO-001-0808 at 24. Therefore, the Court finds that the Plaintiff must have standing to bring this case to Tribal Court.
The Court generally agrees with the Plaintiff that the federal constitution is designed to protect individual rights and that the Tribe’s Constitution protects community rights. However, this premise is *309 not helpful to the Plaintiff and does not act as a waiver of the standing requirement found in Tribal law. Indeed, the Tribal constitution does provide for a collective redress available to the tribal community as a whole under the initiative process provided for in Article XIV of the Tribal constitution or the right of the citizens to vote at its annual meeting to hire an attorney to challenge the constitutionality of the statute in Tribal Court. The Tribal Constitution does not give this right to a singular tribal citizen.
Finally, the Court finds that the Deck-row case was not a standing case which gave any tribal citizen the right to appear in court for redress without first showing injury-in-fact. Rather, in Deckrow, the Appellate Court remanded the case for a hearing because the plaintiff had not received written notice of the hearing at which he failed to appear.
Based upon all of the above, the Court finds that the Plaintiff has not identified any injury-in-fact that he has sustained because of the action of the Defendants in passing the statute. The Court agrees with the Defendants and concludes that the Plaintiff lacks standing which is necessary to bring this challenge to the constitutionality of the WOS 2010-021 Gaming Delegation and Authority Statute in Tribal Court.
Nothing in this opinion should be construed as preventing the Plaintiff from pursuing remedies in concert with the tribal membership as a whole under the Tribal Constitution’s Initiative[12] and/or Right to Legal Representation[13] procedures.
For all of the above reasons, the Court grants the Defendants’ motion to dismiss.
Therefore, it is ORDERED that the Defendant Tribal Council’s and Tribal Chairman’s Motion to Dismiss is granted, and this case is DISMISSED.

. See, LTBBRCP XIII § 4(b)(6).

.The Court takes judicial notice that Defendant Ken Harrington filed a complaint almost identical to the complaint in this case, against the Defendant Tribal Council only, in which he requested that his complaint be joined with this case, filed by Fred Harrington. On May 12, 2011, the Court denied Ken Harrington’s request to join as a plaintiff in this case in which he is a named defendant.

. I.e. Santa Clara Pueblo v. Martinez, 436 U.S. 49, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978) and Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc., 523 U.S. 751, 118 S.Ct. 1700, 140 L.Ed.2d 981 (1998).

. See, LTBB CONST. art. XVIII, § A.

. See, LTBB CONST. art. XIV, § A.

. See, LTBB CONST. art. I, § G.

. WOS 2005-10.

. Id. at 10.

.Id. at. 24.

. See, LTBB CONST, art VII § D, cl. 7.

. Friends of the Earth, Inc. v. Laidlaw Environmental Setvs. (TOC), Inc., 528 U.S. 167, 180, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000).

. LTBB CONST, art. XIV, § A.

. LTBB CONST, art. I, § G.